# IN THE COURT OF APPEALS OF IOWA

No. 21-0193
Filed April 14, 2021

**IN THE INTEREST OF S.H.,**
**Minor Child,**

**B.H., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

        A mother appeals the termination of her parental rights.  **AFFIRMED.**

        Jonathan M. Causey of Causey & Ye Law, P.L.L.C., Des Moines, for appellant mother.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

        Jesse Macro of Macro & Kozlowski, LLP, West Des Moines, attorney and guardian ad litem for minor child.

        Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

The mother of S.H., born in October 2019, appeals the termination of her parental rights. She argues her counsel was ineffective for failing to object to certain exhibits, the juvenile court should have granted her a six-month extension for reunification, and the court abused its discretion in denying her motion to reopen the record. We reject her arguments and affirm.

**I.     Background Facts and Proceedings.**

The family came to the attention of the Iowa Department of Human Services (DHS) when the child tested positive for THC at birth. The family again came to the attention of the DHS in both February and March 2020 upon reports the child had unexplained bruising and the mother and her paramour were using methamphetamine while caring for the child. On March 19, the child was removed from the home, and on March 25 the child was adjudicated in need of assistance. A termination hearing was held on November 19 and 23. On January 14, 2021, the mother filed a motion to reopen the record and submit additional evidence. On January 31, 2021, the juvenile court issued orders denying the mother's request to reopen the record and terminating the mother's parental rights under Iowa Code section 232.116(1)(b), (e), and (h) (2020). The mother appeals.[1]

**II.     Standard of Review.**

Appellate review of orders terminating parental rights is de novo. *In re A.B.*, ___ N.W.2d ___, ___, 2021 WL 935436, at *5 (Iowa 2021); *In re C.Z.*, ___ N.W.2d

---

[1] At the time of the termination hearing, the child's father had not been identified. No one participated in the hearing as a potential father, and the juvenile court terminated the parental rights of any unknown father. No one appeals the termination of the father's parental rights.

___, ___, 2021 WL 934999, at *5 (Iowa 2021). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

### III. Analysis.

The mother argues her counsel was ineffective for failing to raise hearsay and lack-of-foundation objections to several exhibits. To prevail on a claim of ineffective assistance of counsel, the parent must "show (1) that counsel's performance was deficient, and (2) that actual prejudice resulted." *In re D.W.*, 385 N.W.2d 570, 579 (Iowa 1986).

The mother claims six exhibits were admitted at the termination hearing that should have been excluded for lack of foundation and as hearsay if her counsel had objected: (1) April 2020 sentencing order for the mother's conviction for possession of marijuana; (2) April 2020 sentencing order for the mother's conviction for possession of amphetamine; (3) June 2020 sentencing order for the mother's conviction for second-degree theft; (4) August 2020 report of the mother violating her probation; (5) November 2020 order to issue a warrant for the arrest of the mother; and (6) November 2020 report showing the mother's paramour placed multiple calls from jail to a phone number associated with the mother. We note that, even if these exhibits had been excluded, much of the relevant information entered the record either through witness testimony or the November 2020 DHS report to the court, to which the mother raises no challenge. Regardless, for purposes of this appeal, we will analyze the mother's claims without reference to the disputed exhibits. In doing so, even if we assume

counsel's performance was deficient in failing to object to these exhibits, the mother cannot show prejudice resulted because the other evidence in the record fully supports termination for the reasons explained below.

### A.     Grounds for Termination.

The mother's first issue only references ineffective assistance of counsel. Reading this first issue broadly, it appears the mother's primary argument is her counsel's deficient performance relieved the State of its burden to prove the statutory grounds for termination.

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record. *In re A.B.*, 815 N.W.2d 764, (Iowa 2012). One of the grounds the juvenile court relied upon was Iowa Code section 232.116(1)(h), which allows the court to terminate parental rights if it finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The child is clearly three years of age or younger, was adjudicated in need of assistance, and has been removed from the mother's home for the required time. *See* Iowa Code § 232.116(1)(h)(1)–(3). At the termination hearing, the mother acknowledged she was currently in jail on a probation violation and the child could not currently be returned to her at the present time. *See id.* § 232.116(1)(h)(4);

*see also In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). Therefore, even without considering the disputed exhibits, the State satisfied a statutory ground for termination.

### B.    Six-Month Extension.

Next, the mother asserts the juvenile court should have granted her an additional six months to work toward reunification.  *See* Iowa Code §§ 232.117(5) (permitting the juvenile court to enter a dispositional order pursuant to Iowa Code section 232.102 if the court does not terminate parental rights but still determines the child remains in need of assistance); 232.104(2)(b) (allowing the juvenile court to authorize a six-month extension if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period").

At the time of removal in March 2020, the State raised two primary concerns with the mother's care of the child.  First, the child displayed multiple facial bruises in both February and March, generating founded abuse reports each time. Although the child suffered significant bruising while likely in the care of the mother or her paramour, the mother has never satisfactorily explained the cause of injury, claiming the child's injuries were self-inflicted.  At the termination hearing, the mother was uncertain whether the child even suffered abuse, testifying "what the facts are telling me is that my child was not abused and that my child . . . gets bruised easily."

Second, the State at the time of removal raised concerns the mother was using illegal substances while caring for the child.  The mother's substance abuse

has been an issue since the DHS first became involved when the child tested positive for THC at birth in October 2019. However, the mother denied using illegal substances until removal in March 2020. The mother has since acknowledged using marijuana at age 12, and her longest continuous period of sobriety since then is about two years. The mother began outpatient substance-abuse treatment on April 6, but her attendance was inconsistent and she was unsuccessfully discharged on July 21 after being out of care for over one month. At the termination hearing, the mother admitted she used methamphetamine "[a] few times a week" from her discharge until early September and she used marijuana "a couple times a week" until early November. The mother also acknowledged she did not contact the DHS during this time for help finding treatment. On October 8, the mother entered another outpatient treatment program and has since attended weekly sessions with one missed session due to incarceration.

The mother's recent efforts to obtain treatment are a step in the right direction, but a few weeks of action do not erase months of inaction following the child's birth. *See A.B.*, 815 N.W.2d at 778 ("Insight for the determination of the child's long-range best interests can be gleaned from evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing." (quoting *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000))). The mother has been slow to address her long-term substance-abuse issues, and she still does not recognize the physical abuse that led to removal. She has also been reluctant to engage with DHS for other services, including having missed all visitation with the child since July. The DHS worker assigned to her case echoed these concerns, testifying the mother has not prioritized

reunification. At the time of the termination hearing, the child would have been at significant risk of harm in the mother's care due to these concerns, and we see no reason to believe the mother would meaningfully address these concerns with an additional six months. *See In re D.S.*, 806 N.W.2d 458, 474 (Iowa Ct. App. 2011) ("We will not gamble with a child's future by asking him to continuously wait for a stable biological parent, particularly at such a tender age."). We agree with the juvenile court that providing additional time for reunification is not appropriate.

### C.    Reopening the Record.

After the termination hearing, the mother filed a motion seeking to reopen the record. Her motion asserts that after the hearing she entered an inpatient treatment program where the child could live with her and the child was placed with a relative that would allow the court to enter a guardianship. We review the juvenile court's denial of a motion to reopen the record for abuse of discretion. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).

The juvenile court denied the mother's motion because the mother did not present new evidence. *See id.* (stating the juvenile court generally may refuse to reopen the record "when the evidence was available to the parties at the time of the hearing"). The court noted testimony from the hearing that the mother hoped to enter inpatient treatment soon and the relative had been identified for long-term placement. The court also found that, even if this information were new and accurate, it would not change the court's analysis. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018) ("[A] guardianship is not a legally preferable alternative to termination." (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017))); *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("A parent cannot wait until the eve of

termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting."). We find no abuse of discretion in the court's denial of the motion to reopen the record.

**IV.    Conclusion.**

Even without considering exhibits the mother now asserts are inadmissible on hearsay and lack-of-foundation grounds, we find a statutory ground for termination is satisfied and additional time for reunification is not appropriate. We also find no abuse of discretion in the juvenile court's decision denying the mother's motion to reopen the record. Therefore, we affirm the termination of the mother's parental rights.

**AFFIRMED.**